## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **DANIELLE FERGUS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:18-cv-02330-JWL-GLR |
| v. | ) | |
| | ) | |
| **FAITH HOME HEALTHCARE, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S MOTION TO COMPEL DISCOVERY
### AND MEMORANDUM IN SUPPORT THEREOF

COMES NOW Plaintiff, Danielle Fergus, by and through her attorneys, and hereby moves the Court pursuant to Fed. R. Civ. P. 37(a)(1)(B) and D. Kan. Rule 37.1 for its order compelling Defendant Faith Home Healthcare, Inc. to produce all documents, electronically stored information ("ESI"), and tangible things requested in Plaintiff's First Request for Production of Documents ("First RFPDs") (Exhibit 1) and to provide fully responsive answers to Plaintiff's First Interrogatories to Defendant ("First IROGs") (Exhibit 2).

### Background

Plaintiff's First RFPDs and First IROGs were served on August 21, 2018. (Exhibit 3). On October 4, 2018, Defendant answered Plaintiff's First IROGs and responded to Plaintiff's First RFPDs. (Exhibit 4).[1] On October 23, 2018, Plaintiff emailed Defendant attempting to schedule a phone conference regarding her disputes with Defendant's answer and responses. (Exhibit 5). After no response, Plaintiff emailed Defendant her Golden Rule Letter on October 26, 2018. (Exhibit 6 & 7). Plaintiff's Golden Rule Letter requested Defendant to withdraw is improper

---

[1] Oddly, Defendant did not file a Certificate of Service for its answers and responses with the Court.

objections and produce answers and documents identified within the letter within seven (7) days, on or before November 2, 2018. (Exhibit 7, P1). Only after Plaintiff sent Defendant a draft of her confidential settlement report, Defendant then emailed Plaintiff, on October 29, 2018, various untimely[2] alleged deficiencies Defendant took issue with in Plaintiff's discovery answers and responses, without mentioning the issues outlined in Plaintiff's Golden Rule Letter. (Exhibit 8, P1-2). That same day, on October 29, 2018, Plaintiff emailed Defendant again expressing Plaintiff's repeated issue of Defendant being non-responsive and requested to schedule a time to discuss discovery disputes. (Exhibit 8, P1). On October 31, 2018, Plaintiff and Defendant reserved time on their calendars for a conference call to discuss the disputes on November 6, 2018. Pursuant to D. Kan. Rule 37.1(b), Plaintiff emailed Defendant the next day, November 1, 2018, requesting to move their discussion up one (1) day to November 5, 2018, which is the deadline for this current motion. (Exhibit 10). Unfortunately, Defendant did not agree to Plaintiff's request. (Exhibit 10).  Furthermore, by November 2, 2018, Defendant did not comply with Plaintiff's Golden Rule Letter.

## Argument and Authority

The Federal Rules of Civil Procedure allow for broad, liberal discovery of information which is relevant to a lawsuit. *Hickman v. Taylor,* 329 U.S. 495 (1947).  Rule 26 provides a broad scope of discovery for "any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26.  A discovery request is relevant if there is any possibility that the information sought may be relevant to the claim. *Cory v. Aztec Steel Building, Inc.,* 225

---

[2] Pursuant to D. Kan. Rule 37.1(b), Defendant's objection to any default, response, answer or objection is waived if a motion to compel is not filed and served within thirty (30) days. Plaintiff filed and served her answers, responses and objections to Defendant's Interrogatories and Request for Production of Documents on September 12, 2018. (Exhibit 9). Because Defendant did not file a Motion to Compel on or before October 12, 2018, Defendant's objections are waived. Likewise, Defendant never sent a Golden Rule Letter or discussed the issues with Plaintiff prior to its untimely attempt on October 29, 2018.

F.R.D. 667, 670 (D. Kan. 2005). In other words, any information that is "reasonably calculated to lead to the discovery of admissible evidence" is deemed relevant. *Snowden v. Connaught Labs,* 137 F.R.D. 336, 341 (D. Kan. 1991). "When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad discovery." *Cory,* 225 F.R.D. at 672-73.

Defendant repeatedly objected by stating that each request was overly broad or unduly burdensome. An overly broad or unduly burdensome objection must be supported by "particular and specific facts." *Cohen-Esrey Real Estate Services, Inc. v. Twin City Fire Ins. Co., et al.,* 2009 WL 4571845 (D. Kan. 2009). General objections to burden are not sufficient to prevent discovery, rather, specific details regarding the time, money, and procedure required to produce the documents are required. *Cory,* 225 F.R.D. at 672; see also *Kansas-Nebraska Natural Gas Co. v. Marathon Oil Co.,* 109 F.R.D. 12, 24 (D. Neb. 1985).

If an interrogatory is appropriate, the answering party is required to give the information available to the requesting party. *Continental Illinois Nat. Bank & Trust Co. of Chicago v. Canton*, 136 F.R.D. 682, 684 (D. Kan. 1991) (citing *Miller v. Doctor's General Hospital,* 76 F.R.D. 136, 140 (W.D. Okla. 1977)). "The answers to interrogatories must be responsive, full, complete and unevasive." *Id.*

**First RFPD Number 7:** This request seeks documents that reflect any organizational chart for Defendant from 2015 to present. Defendant objected to this request stating that

Plaintiff failed to identify "organizational chart" such that Defendant is uncertain of what Defendant has been called upon to produce. (Exhibit 1, P2).

In her Golden Rule Letter, Plaintiff clarified "organizational chart" meant a diagram or visual chart that represents the organization's internal structure including the chain of command, the relation of each department with one another, or the relation of managers within each department and the employees under his or her supervision. (Exhibit 7, P2). Even after clarifying the definition, Defendant did not withdraw its improper objection. As such, Plaintiff requests the Court compel Defendant to produce documents sought under First RFPD Number 7.

**First RFPD Numbers 8 & 15:**  These requests seek documents that reflect an investigation conducted by Defendant of Plaintiff or statements regarding Plaintiff's job performance or allegations made by Plaintiff in the Petition.  Defendant objected to each request by asserting the documents were protected by work product doctrine and/or attorney client privilege and that the statements are identified on "Defendant's non-disclosure list." (Exhibit 1, P3, 5-6).  To date, Defendant has produced neither a privilege log nor a "Defendant's non-disclosure list."

A party that objects to discovery on the grounds of privilege has the burden to establish privilege.  Fed. R. Civ. P. 26(b)(5)(A).  "If a party fails to make the required showing, by not producing a privilege log or by providing an inadequate one, the court may deem the privilege waived." *Sprint Communications Co. L.P. v. Big River Telephone Co., LLC.,* 2009 WL2878446 at *1 (D. Kan. 2009). Furthermore, a privilege log is insufficient when vital information, such as a description of a document and why privilege exists, are omitted from the privilege log. *Wildearth Guardians v. U.S. Forest Service,* 713 F. Supp. 2d 1243, 1266 (D. Colo. 2010).

Defendant has provided no information as to what privilege exists over the requested documents, and as such has not met its burden of establishing any such privilege. Likewise, Defendant has failed to produce any privilege log to Plaintiff. Because Defendant has neither established why the documents are privilege nor provided a privilege log, Plaintiff request the Court deem Defendant's privilege waived. As such, Plaintiff requests the Court compel Defendant to withdraw its waived objections and produce documents sought under First RFPD Numbers 8 and 15.

**First RFPD Number 9:** This request asks for correspondence or communications regarding Plaintiff addressing her work history, attendance, disciplinary actions, termination, request for medical treatment, charge of discrimination, request for workers' compensation, report of discrimination, report of retaliation and/or report of injury with proposed ESI search terms. Defendant did not object to this request and produced some documents. Plaintiff is unable to tell whether or not a search with the ESI terms was performed. As such, we request the Court to compel Defendant to confirm whether or not the search with the ESI terms was performed, and if it was not, compel Defendant to perform said search.

**First RFPD Number 11:** This request seeks documents maintained or created by employees of Defendant concerning Plaintiff or any issue in this lawsuit. Defendant objected to the request as overly broad and "any issue" was an undefine in terms, requests Defendant to speculate as to what is sought, and seeks the work product. (Exhibit 1, P4). Defendant further stated statements are included on "Defendant's non-disclosure list." (Exhibit 1, P4). In her Golden Rule Letter, Plaintiff clarified that "any issue" included anything relating to or regarding any of Plaintiff's allegations or Defendant's defenses. (Exhibit 7, P3). Nonetheless, Defendant did not withdraw its improper objections.

5

Furthermore, Defendant did not meet its burden of showing the request is overly board. The request is limited in topical scope to Plaintiff's allegations or Defendant's defenses. Likewise, the request is limited in temporal scope to the timeframe of Plaintiff's allegations and Defendant's defenses. Because Plaintiff's earliest allegation is that she was an employee of Defendant since approximately November 2016, this request's temporal scope spans approximately two (2) years to date. (Exhibit 11, ¶14). Clearly this request is not undefined or overly board.

Finally, Defendant has not met its burden of establishing any privilege. Likewise, Defendant has failed to produce any privilege log to Plaintiff. Because Defendant has neither established why the documents are privilege nor provided a privilege log, Plaintiff request the Court deem Defendant's privilege waived. As such, Plaintiff requests the Court compel Defendant to withdraw its improper objections and produce documents sought under First RFPD Number 11.

**First RFPD Number 12:** This request seeks minutes or documents of the meetings of Defendant's Supervisory Board, including reports, recommendations, memorandums or other documents in the past five (5)  years during which policies regarding harassment, Title VII, Kansas Human Right Act, Americans with Disabilities Act and/or leave/absences were discussed. Defendant objected to this request, stating it was uncertain as to what "Defendant's Supervisory Board" meant. (Exhibit 1, P4-5).  In her Golden Rule Letter, Plaintiff clarified that "Defendant's Supervisory Board" refers to Defendant's Board of Directors or any group of individuals with a different name that are tasked with developing the organization's policies. (Exhibit 7, P4). However, Defendant did not withdraw its objection after receiving Plaintiff's

Golden Rule Letter. As such, Plaintiff requests the Court compel Defendant to withdrawal its objections and produce documents sought under First RFPD Number 12.

**First RFPD Numbers 13 & 14 and First IROG Number 19:** These requests and interrogatory seek Defendant's operating budget and annual income financial statements from 2013 to present and to state Defendant's current net worth. Defendant objected to this request as not relevant to any claim or defense.

"Generally, information about a party's current net worth or financial condition is relevant to the issue of punitive damages." *Accountable Health Solutions, LLC v. Wellness Corporate Solutions, LLC*, 2017 WL 3229071 at *2 (D. Kan. 2017). A Plaintiff is not required to establish a prima facie case on punitive damages before Plaintiff may discover the defendant's financial information. *Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.*, 130 F.R.D. 149, 152 (D. Kan. 1990). Plaintiff need only show that the facts pled are "not spurious in order to be entitled to discovery of defendant's financial condition." *Krenning v. Hunter Health Clinic, Inc.*, 166 F.R.D. 33, 34 (D. Kan. 1996).

Plaintiff's First Amended Complaint for Damages clearly alleges punitive damages. (Exhibit 11, ¶59, 72, 85 & 98). Furthermore, Plaintiff alleged that her disabilities and engagement in a protected activity were motivating factors in her discharge. (Exhibit 11, ¶50, 64& 90). Furthermore, Plaintiff alleged that Defendant failed to make good faith efforts to establish and enforce policies that would prevent illegal discrimination. (Exhibit 11, ¶52, 66, 79 & 92). The facts pled in Plaintiff's First Amended Complaint for Damages relating to punitive damages are not spurious and provide an inference of willful, wanton, and malicious intent by Defendant. As such, these requests and this interrogatory are clearly relevant. Plaintiff requests

the Court compel Defendant to withdraw its improper objection and produce documents and answer First RFPD Numbers 13 & 14 and First IROG Number 19.

**First IROG Number 2:**  This interrogatory asks Defendant to identify individuals with knowledge of facts alleged in all counts of Plaintiff's position by: name, home address, telephone number, business address, and business telephone number.  Defendant objected, stating that the interrogatory was not limited in time or scope, was not relevant, and sought the mental impression and work product of counsel. (Exhibit 2, P1-2).  However, subject to those objections, Defendant provided the names and addresses but did not provide the telephone number.

A conditional response is when "a party asserts objections but then provides a response 'subject to' or 'without waiving' the stated objection." *Gust v. Wireless Vision, L.L.C.,* 2015 WL 9462078 at \*1 (D. Kan. 2015). "[C]onditional responses are not permitted by the Federal Rules of Civil Procedure." *Sprint Communications Co., L.P. v. Comcast Cable Communications, LLC,* 2014 WL 545544 at \*3 (D. Kan. 2014).  "Whenever an answer accompanies an objection, the objection is deemed waived." *Gust,* 2015 WL at \* 1 (holding that the defendant's objections were waived and the responses must be supplemented to fully respond to the discovery requests).

Plaintiff's request provided a topical scope for the interrogatory – knowledge of any of the counts in Plaintiff's Complaint.  Furthermore, Plaintiff's request was limited to the timeframe of allegations in the Complaint.  Individuals with knowledge of facts alleged in the counts of Plaintiff's Petition is clearly relevant because the individuals are potential witnesses with information.  Additionally, identifying individuals with knowledge of the facts is not a mental impression or work product of counsel and a privilege log was not provided to Plaintiff. Defendant failed to provide the telephone numbers of the potential witnesses.  As such, Plaintiff

requests the Court compel Defendant to withdraw its improper objections and provide a fully responsive answer to First IROG Number 2.

**First IROG Number 7 & First RFPD Number 1:** This interrogatory and request seeks a copy of any recital or statement from Plaintiff of any events alleged in Plaintiff's petition. Defendant acknowledged they possess such statements in its answer to this interrogatory but objected that the question exceeded the scope of the interrogatory. (Exhibit 2, P3-4). No other objection was made. However, in this request, Defendant was asked to produce documents identified in response to the First IROGs. (Exhibit 1, P1). Without objecting, Defendant produced some documents. However, Defendant failed to produce the statements referred to in this interrogatory.

Any untimely objection is waived unless the Court deems otherwise. *White v. Graceland College Center for Professional Development & Lifelong Learning, Inc.,* 586 F. Supp. 2d 1250, 1256 (D. Kan. 2008). "Objections that are not initially raised in the answer or response to discovery are deemed waived." *Id.* at 1256-57.

Defendant made no objection to this request. Defendant identified documents in its answer to this interrogatory. As Defendant failed to provide any objection to this request, Defendant waived any objections. As such, Plaintiff requests the Court compel Defendant to fully produce the statement identified in First IROG Number 7 in response to First RFPD Number 1.

**First IROG Number 15:** This interrogatory asks Defendant to identify the employees who Defendant claims were terminated by the same decision maker for the same or similar reasons that Defendant contended Plaintiff's employment was terminated within the previous

three (3) years.  Defendant objected to the request as not limited in time or scope, seeks private personal information of former employees and is not relevant. (Exhibit 2, P7-8).

This interrogatory is clearly limited to the temporal scope of three (3) years and the topical scope of employees terminated for the same of similar reasons as Plaintiff. Furthermore, this interrogatory is relevant as it seeks information as to whether or not Plaintiff was treated different than from her coworkers and whether or not Defendant has a pattern or practice of discrimination and retaliation. Finally, the private personal information of this interrogatory would be protected under the parties' Protective Order. (Exhibit 12). As such, Plaintiff requests the Court compel Defendant to withdraw its improper objections and provide a fully responsive answer to First IROG Number 15.

**First IROG Number 18:** This interrogatory asks for the gross revenue/income for Defendant for the years 2013- 2018.  Defendant did not object to the request but stated that "Defendant Oliver" is not identified in Plaintiff's Petition. (Exhibit 2, P8-9). In her Golden Rule Letter, Plaintiff clarified that the word "Oliver" should be omitted. (Exhibit 7, P7-8). Plaintiff further clarified that this interrogatory should state: " What was the gross revenue/income for Defendant for the years 2013, 2014, 2015, 2016, 2017 and 2018?" (Exhibit 7, P7-8).  As such, Plaintiff requests the Court compel Defendant to provide a fully responsive answer to First IROG Number 18.

**First IROG Number 20:** This interrogatory asks for Defendant to state the manager or supervisor for each position with respect to Plaintiff's employment.  Defendant's answer directed Plaintiff to documents, however, such documents did not state the names of Plaintiff's managers or supervisors.  (Exhibit 2, P9). Defendant did not object to this request. As such, Plaintiff

requests the Court compel Defendant to provide a fully responsive answer to First IROG Number 20.

**Conclusion**

Plaintiff was hopeful to resolve the above discovery disputes without the Court's intervention.  However, Defendant still refused to provide the requested information and documents after Plaintiff sent emails, a Golden Rule Letter and attempted to schedule a telephone conference between the attorneys.

WHEREFORE Plaintiff respectfully prays the Court order that Defendant answer the First RFPDs and First IROGs identified above within seven (7) days of notice of the Court's order and for any other relief the Court deems proper.

Respectfully Submitted,

CORNERSTONE LAW FIRM

/s/ Britany C. Mehl
Ryan M. Paulus          D Kan 78276
r.paulus@corenerstonefirm.com
Brittany C. Mehl          D Kan 78534
b.mehl@corenerstonefirm.com
8350 N. St. Clair Ave., Ste 225
Kansas City, Missouri 64151
Telephone                 (816) 581-4040
Facsimile                 (816) 741-8889
ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing was electronically filed with the Court this

5th day of November 2018, which will send a notice of electronic filing and was emailed to the

following:

       James Kessinger
       jak4law@kc.rr.com
       Luke Demaree
       lad4law@kc.rr.com
       Kessinger Law Firm, P.C.
       200 NW Englewood, Suite B
       Kansas City, Missouri 64118
       **ATTORNEYS FOR DEFENDANT**

                                /s/ Brittany C. Mehl
                                Attorney for Plaintiff