## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

DANIELLE FERGUS,   )
           )
   Plaintiff,     )
           )
vs.          )  Case No. 2:18-cv-02330-JWL-GLR
           )
           )
FAITH HOME      )
HEALTHCARE, INC.,    )
           )
   Defendant.    )

### DEFENDANT'S RESPONSE TO
### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
### TO DEFENDANT

COMES NOW Defendant, Pursuant to Rule 34, and responds to Plaintiff's requests for production of documents as follows:.

### Documents Requested

1.  Those Documents identified in response to Plaintiff's Interrogatories to Defendant.

    RESPONSE:  **See attached documents bates 1 to 210.**

2.  Documents which represent the entire personnel file for Plaintiff including any documents which address the terms and conditions of Plaintiff's employment which are not included in the personnel file. This should include any documents or files contained by superiors of Plaintiff or Defendant's Human Resource Department regarding Plaintiff's job performance or the terms and conditions of this person's employment with Defendant.

    RESPONSE:  **See attached documents bates 13 to 94.**

1



3. Documents which represent an employee handbook for the years 2013 through the present. This should include any policies and procedures addressing allegations of discrimination, retaliation, and Defendant's tardiness and absence policies.

   RESPONSE:  **See attached documents bates 189 to 210.**

4. Documents which reflect any document retention policy of Defendant.

   RESPONSE: **None**

5. Documents which reflect any training, seminars, courses, or materials provided by Defendant to any of its employees addressing the topics of disability discrimination, reasonable accommodations, retaliation, and/or reporting of discrimination or retaliation for the period of Plaintiff's employment with Defendant.

   RESPONSE:  **None:  Defendant uses REHAS Training an on-line based program**

6. Documents which reflect the manuals or handbooks provided by Defendant to employees on policies and procedures addressing and defining allegations or incidents of discrimination based on discrimination, harassment, retaliation, and the complaint process and procedures.

   RESPONSE:  **See attached documents bates 189-210**

7. Documents which reflect any organizational chart for Defendant in 2015 to present.

   RESPONSE:  **OBJECTION: Plaintiff fails to identify "organizational chart" such that Defendant is uncertain of what Defendant has been called upon to produce.  Subject to Defendant's objection, no such document exists**

8. Documents which reflect an investigation conducted by Defendant of Plaintiff or Plaintiff's allegations as alleged in Plaintiff's Petition or through Defendant's internal complaint system by Defendant or any other person for any purpose.

RESPONSE: **OBJECTION: Plaintiff's request seeks documents protected by the attorney client privilege and work product doctrine. Plaintiff did not report the allegations contained in Plaintiff's petition until filing Plaintiff's complaint with the EEOC. Attached hereto as documents 157 to 164 is Plaintiff's EEOC filing. Defendant's counsel requested and obtained statements from each of those FHH persons identified in response to Plaintiff's interrogatory request number 8. The statements of Plaintiff's employees and of all other witnesses are identified on Defendant's non-disclosure list and are protected by the work product doctrine. Defendant may be contacted to set up depositions with Defendant's employees.**

9. Documents which reflect correspondence or communications among employees of Defendant, regarding Plaintiff and/or addressing any of the following categories: her work history, attendance, disciplinary actions, termination, request for medical, charge of discrimination, request for workers' compensation, report of discrimination, report of retaliation and/or report of injury. This request specifically seeks ESI including email correspondence with a temporal scope of January 1, 2015, to the present. For purposes of ESI, Plaintiff proposes the following as examples, but not an exhaustive list, of search terms: disab!, termin!, investig!, Danielle, Fergus, accommodation, discrimin!, work!, comp!,

3

retaliat!; diabetes, inject!, Attention Deficit Disorder, ADD, blood, sugar, adderall, black, anxiety, panic, migraines, yell!, and EEOC.

RESPONSE:  **See attached documents 143-156; 166-181 and 188.**


10. Documents which reflect the job description or job duties for the position(s) held by Plaintiff during her tenure of employment with Defendant.

RESPONSE:  **See docs bates labeled 13 to 94.**


11. Documents maintained or created by employees of Defendant concerning Plaintiff or any issue in this lawsuit and/or relating to communications to, from, between, or among any persons employed by Defendant relating to Plaintiff and/or any issue in this lawsuit.

RESPONSE: **OBJECTION:  Plaintiff's request seeks documents relating to a larger category of all communications, related to "any issue" in this lawsuit such that the request is overly broad and undefined in terms and requests that Defendant speculate as to what is sought by Plaintiff.  Plaintiff's request also seeks the work product of Defendant's attorney, including statements taken from witnesses.  All such witness statements are included on Defendant's non-disclosure list.**


12. Minutes and/or other documents of the meetings of Defendant's Supervisory Board, either known as a Board or by any other name in the past five (5) years, during which Defendant's practices regarding harassment, Title VII, Kansas Human Rights Act, Americans with Disabilities Act and/or leave and absence policies were discussed, including any reports, recommendations, memorandums or other documents provided to

4

Defendant's Board, Officers, Members, or Managers regarding Defendant's employment practices.

RESPONSE: **OBJECTION: Defendant is uncertain what is meant by "Defendant's Supervisory Board," such that Defendant is uncertain what Defendant has been called upon to respond to.**

13. Defendant's operating budget for the years 2013 to the present.

RESPONSE: **OBJECTION: No claim or defense in the present matter relates to or concerns Defendant's finances. Plaintiff's request seeks private proprietary information which does not relate to any claim or defense in the present matter, and which is brought for the sole purpose to harass.**

14. Copies of all annual income financial statements of Defendant showing its assets, gross revenue, gross income, net income, liabilities and net worth prepared for the years 2013 to the present. (Plaintiff requests audited statements if available).

RESPONSE: **OBJECTION: No claim or defense in the present matter relates to or concerns Defendant's finances. Plaintiff's request seeks private proprietary information which does not relate to any claim or defense in the present matter, and which is brought for the sole purpose to harass.**

15. Documents which reflect statements taken by Defendant regarding the job performance of Plaintiff or any statements addressing the allegations made by Plaintiff in the Petition of Plaintiff in this matter.

**RESPONSE:  See documents 103-113 and 173 to 181 which detail Defendant's written warnings to Plaintiff.  Defendant has also taken statements from many of the witnesses identified in answer to interrogatory number 8, however those statements are protected by the work product doctrine.**

16. Documents which set forth or describe the rights, entitlements and benefits for healthcare coverage and/or insurance, stock options, 401(K) plans, pensions and/bonuses or any other employee benefit program of Defendant available to an employee during Plaintiff's employment with Defendant.

RESPONSE:  **See Docs 1-12 and 189-210**

17. Documents which set forth the compensation paid to Plaintiff by Defendant during his entire tenure of employment.

RESPONSE:  **Defendant assumes Plaintiff intended to say during "her" entire tenure of employment.  Defendant is in the process of compiling those documents.**

18. Each written annual, periodic, or special evaluation or review of Plaintiff and his job performance prepared during Plaintiff's employment with Defendant.

RESPONSE:  **See docs 13-94; 103-113; 173-181.**

19. Each writing critical of Plaintiff contained in any file of Defendant's regarding Plaintiff's job performance with Defendant.

RESPONSE:  **See docs 103-113; 173-181.**

.

20. Those documents received by Defendant via subpoena or release executed by Plaintiff.

RESPONSE: **None**

21. Documents that relate to evidence of any Affirmative or other Defenses asserted in
Defendant's Answer.

RESPONSE: **See Docs 1 to 210.**

22. Documents that reflect Defendant's Code of Conduct.

RESPONSE: **OBJECTION: Plaintiff's request for documents related to
"Defendant's Code of Conduct" is undefined and is not limited in time or scope such
that Defendant is uncertain what Defendant has been called upon to answer. To the
extent Defendant seeks Plaintiff's Operations manual the same is attached as bates 189-
210.**

23. Documents that relate to Plaintiff's reported medical condition to Defendant and
Defendant's responses to those reports.

RESPONSE: **None**

24. Documents sent by you to the Equal Employment Opportunity Commission ("EEOC") or
received by you from the EEOC relating to Plaintiff's Charge of Discrimination and
investigation of this matter.

RESPONSE: **See Docs. 157-164 and 182-187.**

KESSINGER LAW FIRM, P.C.
By:  /s/ Luke Demaree
James Kessinger  #16961
Luke Demaree    #21072
200 NW Englewood, Ste. B
Kansas City, MO 64118
(816) 436-0707 – Office
(816) 436-1380 – Fax
jak4law@kc.rr.com
lad4law@kc.rr.com
ATTORNEYS FOR DEFENDANTS

## Certificate of Service

The undersigned certifies that on this 4th day of October 2018, a true and accurate copy of the foregoing was served upon Plaintiff by mailing the original and one copy to Brittany C Mehle, at 8350 N. St. Clair Ave., Ste. 225, Kansas City, MO 64151 and faxing a copy to (816) 741-8889.

/s/ Luke Demaree