IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| DANIELLE FERGUS,<br><br>      Plaintiff,<br><br>vs.<br><br>FAITH HOME HEALTHCARE, INC.,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 2:18-cv-02330-JWL-GLR<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT

COMES NOW Defendant, pursuant to Rule 33 and responds to Plaintiff's interrogatory requests upon Defendant as follows:

### Interrogatories

1. State the identity of every individual answering or assisting in the answering of these interrogatories.

   ANSWER: **These interrogatories are answered by Faith Home Health, Inc. through its agent Beverly Kimzey, the objections are provided by Counsel, Luke Demaree**

2. Identify by name, home address, telephone number, business address, and business telephone number, each person known or believed by Defendant to have knowledge of facts alleged in all counts of Plaintiff's Petition.

   ANSWER: **OBJECTION: Plaintiff's request is not limited in time or scope, or even to the specific matter inquired into, such the request seeks information**



which is not relevant to any claim or defense; the request also seeks the mental impressions and work product of counsel. Subject to Defendant's objections: Beverly Kimzey, 22651 W. 391st Street, Fontana, KS 66026; Bob Blevins; Amber Pearson, may be contacted through counsel for Defendant; Brandi Winkler, 21094 W. 359th Street, Paola, Ks 66071; Jessica Barnett, 12612 Bluegrass Lane, Leavenworth, Ks 66048; Brandi Armstrong, 726 Pacific Ave, Osawatomie, Ks 66064; Ella Lane, 8225 Ottio Ave, Kansas City, Ks 66112; Kortney Randall, 321 S. 102nd Street, Edwardsville, Ks 66111.

3. Identify the manner, in which Defendant maintains personnel files, complaints regarding specific individuals and performance evaluations.

   ANSWER: **In paper form**

4. Please indicate if Defendant has been sued or entered into arbitration or mediation in the past five (5) years on matters similar to those alleged in Plaintiff's Petition for Damages by former or current employees. For purposes of this Interrogatory, "matters similar" is defined as matters arising under Title VII, the Americans with Disabilities Act, the Kansas Human Rights Act, 42 U.S.C. §1981 or FMLA retaliation. For each instance, please identify the plaintiff including last known telephone number and address, any documents which reflect their claims, and any documents reflecting responses thereto by Defendant. This interrogatory may be limited in scope to the facility that the Plaintiff worked at.

   ANSWER: **No**

5. Identify current or past employees of Defendant who have brought claims of violations of the Kansas Human Rights Act, Title VII, the Americans with Disabilities Act, 42 U.S.C. §1981 or FMLA retaliation within the Defendant's own internal grievance, internal complaint process, or brought any such claims to any manager or supervisor with Defendant or to any Human Resource representative, or brought any such claims to any governmental agency, court of law, or watchdog group from January 1, 2013, to the present. For each such individual, identify the individual including last known telephone number and address; identify any documents which reflect their claims, and any documents reflecting responses thereto by Defendant. This interrogatory may be limited in scope to the facility that the Plaintiff worked at.

ANSWER: **Magan Brown; 15637 Leavenworth Road, Basehor, KS 66007; (913) 568-6789**

6. Identify the procedure, if one exists, for an employee to file an internal grievance or complaint regarding harassment, discrimination and/or retaliation.
ANSWER: **Employees are required to report any instances of harassment, discrimination or retaliation to management and/or the HR department.**

7. Attach a copy of any recital or statement of any of the events alleged in Plaintiff's Petition that you have from Plaintiff, if any; whether it be in writing, reduced to writing, stenotype, recorded or otherwise.

Do you have a statement:   Yes _X_   No ___

Attached:                  Yes ___  No _X_: **Objection: this is an improper request which exceeds the scope of Rule 33.**

8. State in specific detail each reason why Defendant terminated the Plaintiff. Identify all persons who provided any input or participated in any meetings or conversations into the decision of whether the Plaintiff was to be terminated and identify the persons ultimately responsible for making the decision to terminate the Plaintiff. Identify any and all documents relied upon by the Defendant in its decision to terminate the Plaintiff and the documents related to Defendant's termination of Plaintiff.

    ANSWER: **See documents 103-113; 173 to 181 which detail Defendant's written warnings to Plaintiff; Beverly Kimzey made the determination to terminate Plaintiff after attempts to counsel and re-train Plaintiff failed; upon receiving complaints regarding Plaintiff's performance, attendance, and drinking problems and failure to report instances of alleged harassment to management; after reviewing the written warnings to Plaintiff and Defendant's attempts to work with Plaintiff to effectively perform her job; after interviewing the clinical staff who worked under Plaintiff regarding their complaints of Plaintiff's ineffective communication; tardiness; unacceptable attitude toward staff and clientele, and alcohol issues; for Plaintiff's direct instances of insubordination toward Beverly Kimzey; for Plaintiff's refusal to turn in billing**

and patient records in a timely manner; and due to Plaintiff's inability to perform her job duties.

9. Identify the employees or individuals, as of the time of the wrongful conduct alleged by the Plaintiff, who were responsible for investigating the allegations alleged in the Plaintiff's Petition and Charge of Discrimination.

   ANSWER: **Defendant denies any wrongful conduct. While no incident of discriminatory conduct, harassment or retaliation were ever reported to Defendant, Defendant's director, Beverly Kimzey would investigate any such allegation, with the assistance of the HR department.**

10. Please identify all meetings held by Defendant with respect to any matters complained of in Plaintiff's Petition, identify all individuals present at said meetings, the date, the time, and the location of said meetings.

    ANSWER: **OBJECTION: Plaintiff's request seeks identification of attorney client communications. Subject to Defendant's objection, no meetings were held regarding the allegations contained in Plaintiff's petition as the matters alleged by Plaintiff were not reported to Defendant prior to Plaintiff filing her complaint with the EEOC.**

11. Please indicate if Defendant had ever evaluated Plaintiff's job performance while Plaintiff was employed by Defendant and; if so, please indicate the individual performing said evaluation, the date of said evaluation, and identify all documents pertaining to the same.

    ANSWER: **See attached documents, bates labeled 130 to 163**

12. Does Defendant have insurance agreements that may indemnify them, in whole or in part, against any judgment the Plaintiff may obtain in the instant action?

    Yes ___   No _X_

    If your answer is "yes", state:

    (a) The name and address of the company or companies issuing such insurance agreements:

    (b) The policy number:

    ANSWER:

13. Please identify each individual whom you expect to call as an expert witness at trial; also, state the general nature of the subject matter the expert is expected to testify and identify the documents that were provided to every expert "both retained and not retained" to review regarding this current case.

    ANSWER: **No experts have been designated at this time.**

14. Does Defendant claim that during Plaintiff's employment with Defendant that Plaintiff was the subject of any complaints or deficiencies relating in any manner to her work performance or aspects thereof?

    Yes _X_    No ___

    If your answer is "Yes" then:

    a. Please identify each person with knowledge of each complaint or deficiency; **See each of those persons identified in response to request number 2.**

    b. Please describe the nature and substance of each complaint or deficiency and include the date each complaint or deficiency is claimed to have occurred and identify any and all documents relating to each such complaint or deficiency. **See Defendant's response to request number 8 above.**

    ANSWER:

15. Identify the employees whom Defendant claims were terminated by the same decision maker who terminated Plaintiff for the same or similar reasons as you contend Plaintiff's employment was terminated within the previous three years. For each such employee, please state their name, address and telephone number, date of discharge, the reason for their discharge, whether they had ever reported a reported discrimination or a disability, and identify the person or person responsible for the decision to discharge that individual.

ANSWER: **OBJECTION: Plaintiff's request seeks private personal information of former employees; is not limited in time or scope; and Plaintiff's request seeks identification of persons and matters, which by the very nature of Plaintiff's request, are not relevant to any claim or defense in the present matter**

16. Identify and/or provide all documents, answers to interrogatories, and findings by any state, federal, or local investigative agency to include the EEOC and Kansas Human Rights Commission regarding the claims raised in the Plaintiff's Petition and Charge of Discrimination.

    ANSWER: **See attached documents 157 to 164**

17. Identify the manner in which Defendant maintains records regarding e-mail communication and/or instant messenger type system activity involving Plaintiff, directly or indirectly, and identify all policies and/or procedures in place for maintaining the actual e-mail files containing e-mail to, from, or about the Plaintiff (for example: the e-mails to and/or from the supervisors of the Plaintiff, your Human Resources Department, and/or the department(s) responsible for receiving and/or processing data concerning medical leave requests or disciplinary procedures).

    ANSWER: **None: Defendant uses GoDaddy as Defendant's e-mail server.**

18. What was the gross revenue/ income for Defendant Oliver for the years 2013, 2014, 2015, 2016, 2017 and 2018?

ANSWER  No "Defendant Oliver" is identified in Plaintiff's petition or elsewhere.

19. Please state your current net worth.

ANSWER: **OBJECTION: Plaintiff's request seeks information which is not relevant to any claim or defense. To the extent Plaintiff seeks information related to punitive damages, Plaintiff has not established the basis for punitive damages; and Defendant's net worth is not considered under Kansas statutory cap on such damages under the ADA.**

20. With respect to Plaintiff's employment, please state each position held by Plaintiff, the dates for each position, the duties or responsibilities for each position, the qualifications for each position, the manager or supervisor for each position.

    ANSWER:  **See documents 13 to 94.**

21. State whether Plaintiff performed her job duties to Defendant's satisfaction for all positions held. If not, please itemize with specificity all facts and documents supporting your contention that Plaintiff's job performance was inadequate or unsatisfactory and for each criticism of Plaintiff's job performance identify by name, address, and phone number all individuals providing said criticism of Plaintiff's job performance.

    ANSWER:  **See Defendant's response to request number 8 above.**

22. Identify all recordings of conversations between Plaintiff and Defendant' agents.

ANSWER: **Defendant is not in possession of any such recordings.**


                                            KESSINGER LAW FIRM, P.C.
                                            By: */s/ Luke Demaree*
                                            James Kessinger  #16961
                                            Luke Demaree     #21072
                                            200 NW Englewood, Ste. B
                                            Kansas City, MO 64118
                                            (816) 436-0707 – Office
                                            (816) 436-1380 – Fax
                                            jak4law@kc.rr.com
                                            lad4law@kc.rr.com
                                            ATTORNEYS FOR DEFENDANTS


### Certificate of Service

The undersigned certifies that on this 4th day of October 2018, a true and accurate copy of the foregoing was served upon Plaintiff by mailing the original and one copy to Brittany C Mehle, at 8350 N. St. Clair Ave., Ste. 225, Kansas City, MO 64151 and faxing a copy to (816) 741-8889.

                                            */s/ Luke Demaree*