# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DANIELLE FERGUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2:18-cv-02330-JWL-TJJ |
| v. | ) |
| | ) |
| FAITH HOME HEALTHCARE, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

On November 20, 2018, the Court held a telephone discovery hearing regarding the parties' discovery disputes. Plaintiff appeared through counsel, Brittany Mehl. Defendant appeared through counsel, Luke Demaree. This order memorializes oral rulings made during the hearing.

The Court conducted the hearing after Plaintiff filed a motion to compel responses to her First Interrogatories and First Requests for Production of Documents (ECF No. 23). Defendant moved to strike the motion to compel on the basis that the parties had not met and conferred as required by D. Kan. Rule 37.2 (ECF No. 25). On November 9, 2018, the Court denied without prejudice Plaintiff's motion and ordered the parties to meet and confer, either in person or by telephone, regarding their discovery disputes in accordance with Rule 37.2 on or before November 16, 2018. The Court therefore found Defendant's motion to strike as moot. The Court also instructed the parties that if any discovery issues remained after they met and conferred in good faith, a telephone hearing on November 20, 2018 would take place.

Plaintiff emailed her summary of remaining issues to the Court on November 16, 2018, listing as still in dispute Request for Production of Document (RFPD) Nos. 11, 13, 14, and 1, and

Interrogatory Nos. 18, 19, and 7. Defendant emailed its summary of remaining issues on November 19, 2018, including its issues with Plaintiff's objections to Defendant's Interrogatories and RFPDs. Defendant had not previously filed a motion to compel regarding Plaintiff's answers and objections to Defendant's discovery requests.

Because there is no motion to compel pending, the Court advised the parties what its rulings would be should Plaintiff refile her motion to compel on the remaining issues.

### A. RFPD No. 11

This request seeks:

> "Documents maintained or created by employees of Defendant concerning Plaintiff or any issue in this lawsuit and/or relating to communications to, from, between, or among any persons employed by Defendant relating to Plaintiff and/or any issue in this lawsuit."

Defendant responded:

> "Objection: Plaintiff's request seeks documents relating to a larger category of all communications, related to 'any issue' in this lawsuit such that the request is overly broad and undefined in terms and requests that Defendant speculate as to what is sought by Plaintiff. Plaintiff's request also seeks the work product of Defendant's attorney, including statements taken from witnesses. All such witness statements are included on Defendant's non-disclosure list."

When the parties conferred, Plaintiff clarified that "any issue" means anything relating to or regarding any of Plaintiff's allegations or Defendant's defenses, and Plaintiff also limited the timeframe of requested documents to the past two years. Defendant maintained its objections. During the phone hearing, Defendant clarified that its "non-disclosure list" is its privilege log, which it has not provided to Plaintiff.

The Court informed the parties that it would grant Plaintiff's motion to compel as to this request, subject to Plaintiff's clarification and timeframe limitation, if another motion were filed.

2

Plaintiff's clarification and timeframe limitation have sufficiently narrowed the request such that it is not overly broad or vague. The Court instructed Plaintiff to reissue the request revised as follows:

> "Documents maintained or created by employees of Defendant concerning claims or defenses in this lawsuit and/or relating to communications to, from, between, or among any persons employed by Defendant relating to claims or defenses in this case, limited in temporal scope to the past two years."

The Court also instructed Defendant to reissue its response stating it has produced everything that is responsive to the request (if that is true as indicated during the hearing) and will continue to supplement should it find any other responsive documents. The parties were instructed to include Plaintiff's revised request and Defendant's supplemental responses below the original request and responses. They shall do so on or before November 30, 2018.

**A. Interrogatory No. 7 and RFPD No. 1**

Interrogatory No. 7 requested that Defendant attach a copy of any recital or statement regarding the events alleged in Plaintiff's Petition, and RFPD No. 1 requested that Plaintiff produce those documents identified in response to Plaintiff's Interrogatories. Defendant's answer to the Interrogatory stated that it does have a statement but objected to attaching it on grounds that the request exceeded the scope of Rule 33.[1] Defendant's response to RFPD No. 1, however, identified attached Bates numbered documents, without any objection.

In its subsequent summary of the dispute to the Court, Defendant stated it "told Plaintiff that Defendant does have statements" but expressed concern that some responsive documents constitute work product. It also stated defense counsel told Plaintiff's counsel when they

---

[1] In keeping with Fed. R. Civ. Pro. 33 and 34, the better practice would have been for Plaintiff to limit the interrogatory to a request that Defendant identify any such statements, with the request for copies of the statement(s) identified included only in the request for production of documents.

3

conferred that Defendant would produce any statements taken during the investigation that are not covered under the work product doctrine.

Any statements responsive to Plaintiff's request should be produced, except to the extent Defendant claims they are work product. Defendant is to provide its privilege log, which should identify any statements believed to be covered under the work product doctrine, by December 14, 2018. Additionally, Defendant shall supplement its discovery responses to identify by Bates number the statement(s) previously produced to Plaintiff,[2] identify any additional responsive statement(s) by Bates number, and state whether they will be produced or included on Defendant's privilege log. This is to be done, as previously discussed, by November 30, 2018.

### B. Interrogatory Nos. 18 and 19 and RFPD Nos. 13 and 14

These requests seek Defendant's financial information from 2013 to the present. Defendant objected to the requests as irrelevant.

The Court informed the parties that it would grant in part Plaintiff's motion to compel as to these requests if another motion were filed. The law in this District is clear that net worth and financial condition information is relevant to a claim of punitive damages without a plaintiff needing to make a prima facie case on punitive damages.[3] Defendant argues financial information is not relevant in an ADA case and cites *Nyanjom v. Hawker Beechcraft, Inc.*[4] But in that case, the only remaining claim was an ADA claim. In our case, Plaintiff asks for punitive damages in her Title VII claims as well. This District has held that information regarding the

---

[2] During the hearing, defense counsel told the Court and Plaintiff's counsel that it had already provided Plaintiff's statement.

[3] *See, e.g*, *Heartland Surgical Specialty Hosp. v. Midwest Div., Inc.*, No. 05-2165-MLB-DWB, 2007 WL 950282 (D. Kan. Mar. 26, 2007); *Accountable Health Sols., LLC v. Wellness Corp. Sols., LLC*, No. 16-cv-2494-DDC-TJJ, 2017 WL 3229071 (D. Kan. July 31, 2017).

[4] No. 12-1461-JAR-KGG, 2014 WL 667885 (D. Kan. Feb. 20, 2014).

defendant's net worth or financial condition is relevant to claims of punitive damages brought under Title VII.[5]

Plaintiff's RFPD No. 13 asks for Defendant's operating budget for the years 2013 to present. Likewise, RFPD No. 14 asks for copies of all annual income financial statements showing Defendant's assets, gross revenue, gross income, net income, liabilities, and net worth for the years 2013 to present. In this District, the scope of discoverable financial information relevant to the issue of punitive damages is limited to the defendant's most recent annual reports and current financial statements.[6] Therefore, Plaintiff is directed to revise these requests, by November 30, 2018, to ask only for Defendant's financial information for one year prior to the discovery response. Financial information includes quarterly, annual, and year-end financial statements, consisting of balance sheets and statements of profits and losses. Additionally, Plaintiff is directed to revise Interrogatory No. 18, by November 30, 2018, to state the correct defendant and request financial information from the prior year only.

During the conference, Defendant indicated it would file a motion for summary judgment regarding the punitive damages claims. The undersigned has previously stayed production of documents responsive to requests for production of financial information relevant to punitive damages claims until after a ruling has been entered on any forthcoming motion for summary judgment on the issue of punitive damages.[7] The Court finds it is appropriate to stay the discovery response here as well. Therefore, Defendant's objection to producing the financial information noted above for the past year is overruled, but the production and discovery

---

[5] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 220 F.R.D. 633, 654 (D. Kan. 2004).

[6] *See, e.g*, *Heartland Surgical Specialty Hosp. v. Midwest Div., Inc.*, No. 05-2165-MLB-DWB, 2007 WL 950282 (D. Kan. Mar. 26, 2007); *Accountable Health Sols., LLC v. Wellness Corp. Sols., LLC*, No. 16-cv-2494-DDC-TJJ, 2017 WL 3229071 (D. Kan. July 31, 2017).

[7] *Arnold v. MaxMind, Inc.*, No. 16-cv-1309-JTM-TJJ, 2017 WL 3581740, at *2 (D. Kan. Aug. 8, 2017).

responses discussed here are stayed until 14 days following a ruling on any dispositive motion filed by Defendant pertaining to the issue of punitive damages, provided that Plaintiff's claims for punitive damages remain in the case.

### C. Plaintiff's Objections to Defendant's Discovery Requests

Defendant asked the Court to review Plaintiff's objections to several of Defendant's interrogatories and RFPDs. However, Defendant has not filed a motion to compel and only raised its concerns with Plaintiff's discovery responses in its emailed summary of remaining disputes to the Court on November 19, 2018. However, Plaintiff served her answers, responses and objections to Defendant's discovery requests on September 12, 2018.[8] Plaintiff indicated Defendant did not even confer about any issues regarding Plaintiff's responses within 30 days of service. Pursuant to D. Kan. Rule 37.1(b), Defendant was required to confer in good faith and file any motion to compel regarding Plaintiff's responses within 30 days, which would have been in mid-October 2018. Defendant failed to do so.

The Court will not consider any issues Defendant has with Plaintiff's responses due to lack of compliance with Rule 37.1(b). Defendant failed to confer in good faith with Plaintiff and its complaints are untimely. Further, the Court noted that many of Defendant's discovery requests appear overly broad and beyond the scope on their face. If Defendant chooses again to serve these or other discovery requests on Plaintiff, the Court instructed counsel to narrow its requests to encompass only what is relevant and proportional to the claims and defenses in this case. The discovery deadline is April 30, 2019, so the parties still have several months to conduct discovery. However, the parties were reminded that they must confer, in person or by telephone,

---

[8] ECF No. 16.

before filing any further motions to compel. Any further discovery disputes will likely result in an in-person hearing.

The Court also directed Plaintiff to check on the status of Plaintiff's medical records that have been requested but not received. Plaintiff's counsel confirmed she would send the medical records to defense counsel within a week of receiving them.

### D. Defendant's Confidential Settlement Report and Mediation

Pursuant to the Court's scheduling order,[9] the parties were required to submit their confidential settlement reports to chambers by October 31, 2018. The Court received Plaintiff's but not Defendant's.[10] The mediation deadline is December 31, 2018. Plaintiff's counsel indicated she had attempted to schedule mediation but had not received a response from defense counsel. Defense counsel shall call Plaintiff's counsel on November 27, 2018 at 10:00 a.m. to select a mediator and mediation time. If defense counsel fails to call at that time, Plaintiff's counsel is directed to contact chambers with the mediator and mediation time of her choice, which will then be ordered. The parties shall submit their confidential settlement reports two weeks before their scheduled mediation.

**IT IS THEREFORE ORDERED BY THE COURT** that the parties shall complete all revised discovery requests and revised/supplemental responses on or before November 30, 2018. The parties were instructed to include the revised and supplemental language below the original language.

**IT IS FURTHER ORDERED** that Defendant shall produce its privilege log to Plaintiff on or before December 14, 2018.

---

[9] ECF No. 19.

[10] Defendant requested a 30-day extension of time on October 31, 2018 (ECF No. 22). That motion is not yet fully briefed, so the Court does not address it here.

**IT IS FURTHER ORDERED** that production of Defendant's responses to Plaintiff's request for Defendant's financial information for the past year is stayed until 14 days following a ruling on any dispositive motion filed by Defendant pertaining to the issue of punitive damages, provided that Plaintiff's claims for punitive damages remain in the case.

**IT IS FURTHER ORDERED** that Defense counsel shall call Plaintiff's counsel on November 27, 2018 at 10:00 a.m. to select a mediator and mediation time. The parties shall submit their confidential settlement reports two weeks before their scheduled mediation.

**IT IS FURTHER ORDERED** that the deadline for Plaintiff to refile a motion to compel regarding Defendant's responses to her First Interrogatories and First Requests for Production of Documents is held in abeyance pending resolution of the issues addressed in this order. Plaintiff's counsel shall contact the undersigned's chambers by December 10, 2018 if issues still remain after the revisions are complete.

**IT IS SO ORDERED.**

Dated November 28, 2018, at Kansas City, Kansas.

_____
Teresa J. James
U. S. Magistrate Judge