# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DANIELLE FERGUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2:18-cv-02330-JWL-TJJ |
| v. | ) |
| | ) |
| FAITH HOME HEALTHCARE, INC., | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

Before the Court are Defendant Faith Home Healthcare, Inc.'s Counterclaims Against Plaintiff and Crossclaims Against Co-Conspirator Patty Claybourne and Magan Brown (ECF No. 22), and Defendant Faith Home Healthcare, Inc.'s Motion to Add Counterclaims and Join Crossclaim Defendant Patricia Clayborn (ECF No. 26). Plaintiff opposes both motions. For the reasons discussed below, the motions are granted in part and denied in part.

## I. Relevant Background

Plaintiff filed this action on June 19, 2018 alleging four counts: employment disability discrimination and retaliation in violation of 42 U.S.C. § 12101 (the Americans with Disabilities Act Amendments Act), retaliation in violation of Title VII, and retaliation in violation of 42 U.S.C. § 1981.[1] Plaintiff's first two counts involve discrimination and retaliation as a result of her disabilities: Type 1 Diabetes and Attention Deficit Disorder. Plaintiff claims Defendant's owner, Bob Blevins, continuously mocked Plaintiff because of her disabilities. She also claims she was terminated because she reported her disabilities and requested reasonable

---

[1] Defendant originally moved to dismiss counts I and II of Plaintiff's complaint for failure to exhaust her administrative remedies (ECF No. 4). Plaintiff filed an amended complaint containing the same allegations and attaching a right to sue letter from the EEOC (ECF No. 9).

accommodations for them. Her remaining two counts involve retaliation as a result of her reports of race discrimination. Plaintiff alleges she would not have been terminated but for making the reports.

The Court entered a scheduling order, setting the deadline for the parties to file motions to amend or join additional parties as October 31, 2018 (ECF No. 19). On that date, Defendant filed its "Counterclaims Against Plaintiff and Crossclaims Against Co-Conspirator Patty Claybourne and Magan Brown," which the Court construes as a motion for extension of time to file a motion to amend pleadings and join additional parties.[2] Then, on November 7, 2018, Defendant filed its Motion to Add Counterclaims and Join Crossclaim Defendant Patricia Clayborn.[3]

In support of its motions, Defendant claims Plaintiff engaged in a conspiracy with co-workers to "bring down the company (Defendant)" and start their own agency.[4] In its second motion, Defendant attached its proposed counterclaims against Plaintiff and crossclaims against alleged co-conspirator Patricia Clayborn.[5] Defendant seeks to add four counts: (1) Abuse of Process against Plaintiff and Ms. Clayborn; (2) Tortious Interference with Business Expectancy against Plaintiff and Ms. Clayborn; (3) Conversion against Plaintiff and Ms. Clayborn; and (4) Breach of Fiduciary Duty against Plaintiff. In its second motion, Defendant cites in the first

---

[2] Despite the title of its filing, Defendant did not file its proposed counterclaims and crossclaims, but rather requested an extension of time to file its motion to amend and/or to add parties. Defendant also requested an extension of time to submit its good faith settlement offer. This issue was addressed in the Court's order on November 28, 2018 (ECF No. 34) ("The parties shall submit their confidential settlement reports two weeks before their scheduled mediation.").

[3] Defendant refers to an alleged co-conspirator as Patricia Clayborn and Patricia Claybourne throughout both motions. The Court is unsure which is the correct spelling but presumes both spellings refer to the same person for purposes of this order.

[4] ECF No. 22 at 1, ¶ 2.c.

[5] ECF No. 26-1.

sentence Federal Rules of Civil Procedure 13, 19, and 20 as support for adding its counterclaims against Plaintiff and Rule 13(g) as support for adding its crossclaims and joining Ms. Clayborn as a defendant, but does not explain how those rules apply or give authority for Defendant's request.

Plaintiff argues Defendant's request is untimely.[6] She argues Defendant included an affirmative defense that Plaintiff's allegations are part of a conspiracy in its answer filed August 10, 2018, and therefore, Defendant knew or should have known it would need to add the proposed claims several months ago. She also argues leave to add the Abuse of Process claim should be denied on the additional basis of futility.

## II. Analysis

### A. Timeliness of Defendant's requests

Federal Rule of Civil Procedure 15 allows for amended and supplemental pleadings. More than 21 days have passed since Defendant served its answer. Therefore, Rule 15(a)(2) governs here: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Although Defendant fails to request to amend pursuant to Rule 15, because leave to amend should be freely given, the Court will consider whether Defendant should be allowed to amend its pleading under these facts and circumstances.

The decision to grant or deny a request to amend is within the discretion of the district court. However, the court "should deny leave to amend only when it finds 'undue delay, undue

---

[6] Plaintiff also argues Defendant has missed every deadline thus far in the Court's Scheduling Order. This issue was also addressed in the Court's order on November 28, 2018 (ECF No. 34).

prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'"[7]

Plaintiff argues Defendant's requests should be denied as untimely. But Defendant filed its motion for extension of time to amend its pleading on October 31, 2018, which was the deadline for the parties to file motions to amend or join additional parties. By filing a motion for extension of time, Defendant preserved its deadline to file a motion to amend or join additional parties.[8]

Additionally, although the Court understands Plaintiff's frustrations with Defendant's lack of communication and failure to meet deadlines leading up to the filing of the subject motions, the Court does not find that Plaintiff would be prejudiced by the filing of Defendant's counterclaims at this time. It is still early in this case. Discovery does not close for another four months, and trial is still nine months away. Further, as Plaintiff points out, Defendant raised the issue of a possible conspiracy in its answer, so Plaintiff has been on notice since at least August that Defendant might seek to add its counterclaims. The Court, therefore, finds Defendant's requests timely.

### B. Counterclaims against Plaintiff

Federal Rule of Civil Procedure 13 discusses counterclaims. It says that a pleading must state a counterclaim against an opposing party if the counterclaim "(A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." That appears

---

[7] *Black & Veatch Intern. Co. v. Foster Wheeler Energy Corp.*, No. 00–2402–JAR, 2002 WL 1822400, at *1 (D. Kan. July 29, 2002) (quoting *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

[8] *See* D. Kan. Rule 6.1(a) ("Parties must file the motion before the specified time expires. Absent a showing of excusable neglect, the court will not grant extensions requested after the specified time expires.).

to be the situation here. Part of Plaintiff's allegations are that while she was employed with Defendant, another employee reported to her that Defendant's owner made racial comments regarding a third employee. Plaintiff alleges she reported the racial comments and was retaliated against as a result. Defendant's allegations are that Plaintiff engaged in a conspiracy with other employees of Defendant to bring down the company. Specifically, Defendant claims Plaintiff and other employees lied about the supposed racial comments by Defendant's owner and reported fabricated claims of discrimination.

Defendant's proposed counterclaims are, in part, that Plaintiff conspired to file the present lawsuit knowing that no basis exists in law or fact for her claims; Plaintiff conspired to convert Defendant's Do Not Take Back list, which lists former patients with whom Defendant chooses not to do business; and that Plaintiff breached her fiduciary duty to Defendant by participating in the conspiracy. These allegations appear to arise out of the transaction or occurrence that is the subject matter of Plaintiff's Title VII and 42 U.S.C. § 1981 claims of retaliation for reporting the racial comments, and are therefore allowed pursuant to Fed. R. Civ. P. 13.

Defendant fails to say through what statute or constitutional provision, state or federal, it is bringing the allegations in the proposed counterclaims. The Court has subject matter jurisdiction over Plaintiff's allegations through federal question jurisdiction because she alleges violations of federal statutes. Defendant's conspiracy, tortious interference, conversion, and breach of fiduciary duty claims appear to be based upon Kansas common law, so the Court would need a separate basis through which to exercise subject matter jurisdiction over the

proposed counterclaims.[9] Plaintiff and Defendant are both Kansas citizens, so the Court would not have diversity jurisdiction. However, "[t]he Court may, in its discretion, exercise supplemental jurisdiction over state law counterclaims which are sufficiently related to a pending federal claim."[10] Specifically, 28 U.S.C. § 1367(a) allows a court to exercise supplemental jurisdiction over claims that do not fall within the court's original jurisdiction if the claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy …."

As discussed above, Defendant contends its claims against Plaintiff arise out of the same transaction or occurrence that is the subject matter of Plaintiff's claims. Plaintiff did not address this issue in either of her responses, so the Court considers it uncontested.[11] The Court finds that Plaintiff's Title VII and 42 U.S.C. § 1981 race discrimination reporting retaliation claims and Defendant's proposed counterclaims arise out of the same transaction or occurrence, or common nucleus of operative fact,[12] for the reasons discussed above.[13] It seems that the allegations are part of the same case or controversy, and the Court will exercise supplemental jurisdiction over the proposed counterclaims.

---

[9] Although neither party raises the issue of jurisdiction, "[t]he issue of subject matter jurisdiction may be raised by the Court *sua sponte* at any time." *Cowser v. Am. United Life Ins. Co.*, No. 02-4089-JAR, 2005 WL 1799236, at *4 (D. Kan. July 6, 2005) (citations omitted). *See also* Fed. R. Civ. P. 12(h)(3).

[10] *Wilhelm v. TLC Lawn Care, Inc.*, No. 07-2465-KHV, 2008 WL 640733, at *1 (D. Kan. Mar. 6, 2008) (citing *Paper, Allied, Chem. & Energy Workers Int'l Union, Local 5-508, AFL-CIO v. Slurry Explosive Corp.*, 107 F. Supp. 2d 1311, 1327 (D. Kan. 2000)).

[11] 28 U.S.C. § 1367(c) allows courts to decline to exercise supplemental jurisdiction in certain circumstances. Because Plaintiff does not ask the Court to do so, the Court does not consider whether any of the circumstances apply here.

[12] *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164–65 (1997).

[13] The fact that Plaintiff also asserts independent claims for disability discrimination and retaliation based upon reporting her disabilities in violation of the ADAAA does not affect this conclusion.

However, Plaintiff makes an additional argument with regard to Defendant's proposed abuse of process counterclaim: that it should not be allowed because the claim would be futile. "Abuse of process exists when the defendant (or, of course, counterclaim defendant) 'uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed.'"[14] Kansas has established the elements of abuse of process as: "(1) that the defendant made an illegal, improper, perverted use of the process, (a use neither warranted nor authorized by the process); (2) that the defendant had an ulterior motive or purpose in doing so; and (3) that damage resulted to the plaintiff from the irregularity."[15] There must be use of the process for an immediate purpose other than that for which it was designed and intended, such as some form of extortion. "The 'gravamen of the tort is not the wrongfulness of the prosecution, but some extortionate perversion of lawfully initiated process to illegitimate ends.'"[16]

Here, Defendant's counterclaim for abuse of process is based on Plaintiff's filing of the lawsuit against them with ulterior motives—"to take down and/or take over the FHH business" and with "the intended purpose of harassing FHH and causing FHH hardship."[17] However, "the mere filing or maintenance of a lawsuit, even for an improper purpose, is not a proper basis for an abuse of process action; abuse of process contemplates some overt act done in addition to the initiating of the suit."[18] Defendant has not alleged any overt or willful act outside the course of the legal proceedings in this case. Besides her allegations of retaliation for reporting the racial comments, Plaintiff also alleges discrimination as a result of her disabilities. "A court is justified

---

[14] *Leary v. Centene Corp.*, No. 14–CV–2547, 2015 WL 1034343, at *3 (D. Kan. March 10, 2015) (quoting *Hokanson v. Lichtor*, 5 Kan. App. 2d 802, 809 (1981) and the Restatement (Second) of Torts § 682 (1977)).

[15] *Id.*

[16] *Id.* (quoting *Heck v. Humphrey*, 512 U.S. 477, 486 n. 5 (1994)).

[17] ECF No. 26-1 at 12, ¶ 46–47.

[18] *Leary*, 2015 WL 1034343, at *3.

in denying a motion to amend as futile if the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim."[19]

Therefore, the Court denies Defendant's request to add a counterclaim against Plaintiff for abuse of process as futile. The Court grants Defendant's request to add the other three proposed counterclaims against Plaintiff.

### C. Crossclaims against Patricia Clayborn

Defendant also seeks to add Patricia Clayborn as a party defendant and to add three crossclaims against her: (1) Abuse of Process; (2) Tortious Interference with Business Expectancy; and (3) Conversion. Defendant states in the opening sentence of its motion that it seeks to do this pursuant to Rule 13(g). That rule states:

> A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action. The crossclaim may include a claim that the coparty is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.

Rule 13(g) is inapplicable here. Ms. Clayborn is not a party to this action, and thus Defendant may not file a crossclaim against her. It is possible that Defendant intended to move to join Ms. Clayborn as a party pursuant to Rule 13(h), and then add her as a defendant to its proposed counterclaim. However, that is not the relief that is requested. Defendant's request is deficient in a number of ways. Defendant erroneously seeks to assert crossclaims against Ms. Clayborn. Defendant did not request to join Ms. Clayborn pursuant to Rule 13(h) and add her as a defendant to the counterclaim. Apparently because Defendant did not focus on Rule 13(h), it

---

[19] Nyanjom v. Hawker Beechcraft, Inc., No. 12–1461–JAR–KGG, 2014 WL 129377, at *2 (D. Kan. Jan. 14. 2014) (citations omitted).

also failed to address whether joinder of Ms. Clayborn should be required or permitted under Rule 19 or Rule 20. And, in the caption of its proposed amended pleading, Defendant failed to name Ms. Clayborn as an additional defendant. The Court will consider only the specific relief requested, which is to "join crossclaim Defendant Patricia Clayborn as a party defendant to FHH's counter claims" pursuant to Rule 13(g). Because Rule 13(g) does not allow for a crossclaim to be made against a nonparty, Defendant's request is denied.

Moreover, even if the Court were to consider Defendant's motion as a request to join Ms. Clayborn pursuant to Rule 13(h) and add her as a defendant to the proposed counterclaim, the request would still be denied. Rule 13(h) provides that Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim. Rule 19 discusses required joinder of parties. Although Defendant cites Rule 19 as authority for adding its counterclaim (but not the crossclaim against Ms. Clayborn), it does not explain how Rule 19 applies here. Even if the Court considered Rule 19 with respect to Ms. Clayborn, it is clear she is not a person who is required to be joined. Neither factor of Rule 19(a)(1) applies. Further, Ms. Clayborn is no more than an alleged co-conspirator "and, as such, is not an indispensable party."[20]

Rule 20 discusses permissive joinder of parties. Rule 20(a)(2) says persons may be joined as defendants if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Whether to allow the addition of a party under Rule 20(a) is within the

---

[20] *Prof'l Inv'rs Life. Ins. Co. v. Roussel*, 528 F. Supp. 391, 404 (D. Kan. 2981) (citing *Herpich v. Wallace*, 430 F.2d 792, 817 (5th Cir. 1970) (finding that Rule 19 "was not meant to unsettle the well-established authority to the effect that joint tortfeasors or coconspirators are not persons whose absence from a case will result in dismissal for non-joinder.")).

Court's discretion.[21] The purpose of Rule 20 is "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits."[22] The Court has discretion to deny a request to join parties "if it determines that the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense, or delay."[23]

While Defendant's proposed counterclaims appear to arise out of the transaction or occurrence that is the subject matter of Plaintiff's claim of retaliation for reporting racial comments,[24] Plaintiff asserts two other claims (disability discrimination and retaliation for reporting the disability) out of which the proposed counterclaims do not arise and do not appear related. Thus, the Court concludes that the proposed joinder of Ms. Clayborn and addition of claims relating to her would not further the purpose of Rule 20. To the contrary, the requested joinder would likely add unnecessary expense and delay to the outcome of this case.

It also does not appear that the requested joinder would assist in the Rule 20 goal of preventing multiple lawsuits. Here, Defendant alleges Plaintiff, Ms. Clayborn, and a third person, Magan Brown, were involved in a conspiracy. As noted above, an alleged co-conspirator is not an indispensable party in cases such as this. Defendant has not attempted to explain why it is important to join Ms. Clayborn in this case, much less why it is important to join Ms. Clayborn but not Ms. Brown. Importantly, Defendant notes that Ms. Brown has already filed her own lawsuit against Defendant in this Court,[25] and Defendant "has informed the Court in the Brown

---

[21] *Green Const. Co. v. Kan. Power & Light Co.*, No. 87-2070-S, 1989 WL 117440, at *1 (D. Kan. Sept. 11, 1989) (citation omitted).

[22] *Hall v. Witteman*, No. 07-4128-SAC, 2008 WL 2949567, at *2 (D. Kan. July 30, 2008) (internal quotations omitted). *See also* 7 Fed. Prac. & Proc. Civ. § 1652 (3d ed.).

[23] 7 Fed. Prac. & Proc. Civ. § 1652 (3d ed.).

[24] See discussion *supra* at 4-5.

[25] *See* Case No. 18-cv-2393-JAR-GEB.

matter of the potential counter claim."[26] There are already multiple lawsuits pending against Defendant in this court, and Defendant cannot accomplish the purpose of Rule 20 to prevent multiple lawsuits by joining Ms. Clayborn in this case.

For all of these reasons, even if Defendant properly requested to join Ms. Clayborn as a party to its proposed counterclaim pursuant to Rule 20, the Court would exercise its discretion and the request would be denied.

### D. Defendant's request to file the pleading attached to ECF No. 26

Although the Court grants Defendant leave to file its counterclaims against Plaintiff with the exception of its claim for Abuse of Process, the request to file the proposed pleading attached as Exhibit 1 to ECF No. 26 is denied. Further, Defendant's request to join Ms. Clayborn as a party and assert crossclaims against her is denied. Defendant is ordered to prepare and file its counterclaims against Plaintiff, excluding the Abuse of Process claim and its proposed crossclaims against Ms. Clayborn, within seven (7) days of the date of this order. Defendant is encouraged to review both the federal and local rules before filing its counterclaims.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Faith Home Healthcare, Inc.'s Counterclaims Against Plaintiff and Crossclaims Against Co-Conspirator Patty Claybourne and Magan Brown (ECF No. 22) is granted in part and denied in part as discussed above.

**IT IS FURTHER ORDERED** that Defendant Faith Home Healthcare, Inc.'s Motion to Add Counterclaims and Join Crossclaim Defendant Patricia Clayborn (ECF No. 26) is granted in part and denied in part as discussed above. Defendant shall file its revised counterclaims against

---

[26] ECF No. 26 at 2, ¶ 3.

Plaintiff within seven (7) days of the date of this order. Defendant's request to join Patricia Clayborn as a party and assert crossclaims against her is denied.

**IT IS SO ORDERED.**

Dated December 21, 2018, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge