# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DANIELLE FERGUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2:18-cv-02330-JWL-TJJ |
| v. | ) |
| | ) |
| FAITH HOME HEALTHCARE, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Defendant Faith Home Healthcare, Inc. has filed a Motion to Determine the Sufficiency of Plaintiff's Rule 26(a)(2) Designations (ECF No. 46). Plaintiff opposes the motion (ECF No. 49). For the reasons set forth below, the Court grants the motion in part and denies the motion in part.

I.  **Background**

Plaintiff served and filed her expert witness designations on November 28, 2018.[1] The document is titled "Plaintiff's Non-Retained Expert Disclosures." Plaintiff designated three expert witnesses: Russell King, MD; David Edalati, MD; and Alissa Smith, NP. For each witness, Plaintiff noted that the witness "is not a witness retained or specially employed to provide expert testimony in the case or one whose duties as Plaintiff's employee regularly involve giving expert testimony; as such, no written report is required."

Defendant argues Plaintiff's designations are deficient because Plaintiff failed to provide a report with any of her designations and failed to identify the subject matter on which any of the designated witnesses are expected to present evidence or testify. Specifically, Defendant

---
[1] ECF No. 33.

contends that a report is required for Dr. King because he "has testified numerous times as an expert witness."[2] Additionally, Defendant complains that Plaintiff has failed to identify the subject matter on which any of the designated experts are expected to present evidence or a summary of the facts and opinions on which they are expected to testify. With regard to Ms. Smith, Defendant argues Plaintiff's designation is "without sufficient foundation, and/or Plaintiff cannot establish that Plaintiff's nurse practitioner is qualified to render such an opinion."[3] Defendant further argues that Plaintiff has failed to provide full and complete medical records, and Defendant is therefore prejudiced without the records, expert reports, or identified subject matter.

Plaintiff argues that none of her designated witnesses are retained and therefore they are not required to provide a report. She further argues that her designations do provide a brief summary of the facts and opinions on which the experts will testify, specifically Plaintiff's diagnoses of diabetes and ADD. As to Ms. Smith, Plaintiff argues she is qualified as a nurse practitioner to offer expert testimony, and even if she were not considered an expert, she is still a fact witness who will testify on information and opinions developed and drawn during her treatment of Plaintiff.

**II.    Whether Plaintiff's designated experts must provide a report**

Federal Rule of Civil Procedure 26(a)(2) governs disclosure of expert testimony. It provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."[4] This disclosure "must be accompanied by a written report – prepared and signed by the witness – if the witness

---

[2] ECF No. 46 at 2.

[3] *Id.*

[4] Fed. R. Civ. P. 26(a)(2)(A).

2

is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."[5] Otherwise, an expert witness is not required to provide a written report. However, the disclosure for that witness must state "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."[6]

It seems clear that Plaintiff's three designated witnesses are not "retained or specially employed to provide expert testimony in the case or one[s] whose duties as the party's employee regularly involve giving expert testimony" pursuant to Fed. R. Civ. P. 26(a)(2)(B). Defendant does not provide any information or argument as to why Plaintiff's designated experts should be required to provide a report except that Dr. King has testified in other cases as an expert witness. As Plaintiff points out in her response, because Dr. King has testified in another case as an expert does not make him a retained expert for purposes of *this* case. Defendant does not even say whether Dr. King was a retained expert who provided a report in any of the other cases cited, just that he "has testified numerous times as an expert witness."[7]

Regardless, Dr. King will testify in this case in his role as Plaintiff's treating physician. Plaintiff specifically says her non-retained experts "will not be relying on facts outside of what was obtained and as result of her treatment."[8] The comment to the 2010 amendment of Rule 26 discusses this issue. "A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule

---

[5] Fed. R. Civ. P. 26(a)(2)(B).
[6] Fed. R. Civ. P. 26(a)(2)(C).
[7] ECF No. 46 at 2.
[8] ECF No. 49 at 3.

702, 703, or 705. Frequent examples of such witnesses include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony. Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C)."[9] As such, it is clear that Plaintiff's treating physicians, including Ms. Smith, are not required to provide a report. With regard to Ms. Smith, Defendant cites no authority for why a nurse practitioner is not qualified to render an expert opinion. Based on the information provided, it appears Plaintiff's three designated expert witnesses all treated, and continue to treat, Plaintiff's medical conditions at issue in this case.

Further, "[t]he fact that medical records may or may not memorialize the anticipated opinions is not the determinative factor for whether the treating physicians would be subject to the requirements of retained experts. The issue is whether it is apparent that the anticipated opinion testimony extends beyond the information made known to the treating physicians during their care and treatment of their patients."[10] Defendant provides nothing indicating that Plaintiff's disclosed experts intend to offer testimony beyond the information made known to them during their treatment of Plaintiff. To the contrary, Plaintiff specifically responds that her designated expert witnesses at issue will rely only on facts and observations obtained through treating Plaintiff. Therefore, the Court finds that their anticipated testimony does not call for them to provide Rule 26(a)(2)(B) expert witness reports.

**III.    Whether Plaintiff's disclosures are sufficient under Rule 26(a)(2)(C)**

Although Defendant does not cite either Rule 26(a)(2)(B) or (a)(2)(C) in its motion, it seems to argue that even if Plaintiff's experts are not required to provide a report, her disclosures

---

[9] Fed. R. Civ. P. 26(a)(2)(C) advisory committee's note to 2010 amendment.
[10] *Hayes v. Am. Credit Acceptance, LLC*, No. 13-2413-RDR, 2014 WL 3927277, at *2 (D. Kan. Aug. 12, 2014)

are deficient under Rule 26(a)(2)(C). The Court agrees. Rule 26(a)(2)(C) governs the disclosure of testimony from non-retained experts. "At a minimum, the disclosure should obviate the danger of unfair surprise regarding the factual and opinion testimony of the nonretained expert. It is not enough to state that the witness will testify consistent with information contained the medical records or consistent with the testimony given during his or her deposition. Instead, Rule 26(a)(2)(C) disclosuraes must contain more than a passing reference to the general type of care a treating physician provided. They must summarize actual and specific opinions."[11]

Plaintiff's disclosures simply say each witness "may testify, pursuant to his (or her) training and expertise, regarding his (or her) treatment of Plaintiff for symptoms and diagnoses of Type 1 Diabetes and Attention Deficit Disorder (ADD)."[12] This is not a summary of each provider's opinions. Plaintiff says in her response that her medical records[13] "provide further notice and further detail on the treating physicians and practitioner's anticipated testimony."[14] But again, "it is not enough to state that the witness will testify consistent with information contained in the medical records."[15] Even if it were, Plaintiff only says this in her response to Defendant's motion, and not in her actual expert witness disclosures.

Plaintiff need not outline every fact to which her non-retained experts will testify or outline their anticipated opinions in great detail, but she does need to be more specific with

---

[11] *Id.* at *3 (internal citations omitted).

[12] ECF No. 46-1.

[13] Defendant argues throughout its motion that it has not received all of Plaintiff's medical records. Plaintiff says in her response that she has requested all of her records and disclosed the records she has received thus far. She also says Defendant subpoenaed her records, which she did not object to, and should have received them by December 28, 2018. (ECF No. 49 at 4). Defendant did not file a reply, so it is unclear whether Defendant has actually received all of Plaintiff's medical records. Because Plaintiff's disclosures are deficient regardless of the production of her medical records, the Court will not address this argument further.

[14] ECF No. 49 at 3.

[15] *Hayes*, 2014 WL 3927277, at *2.

regard to the opinions her witnesses will give.[16] The disclosures must elaborate on the general course of Plaintiff's medical care and treatment and "summarize actual and specific opinions," including "a brief account that states the main points" of the anticipated testimony each witness will testify to at trial."[17]

**IV.    Whether the Court should strike Plaintiff's experts**

Finding Plaintiff's disclosures deficient under Rule 26(a)(2)(C), the Court considers Defendant's request to strike Plaintiff's experts. If a party fails to provide information or identify a witness as required by Fed. R. Civ. P. 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[18] In determining whether a Rule 26(a) violation is harmless, the Court considers the following factors: "'(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.'"[19] The burden to establish that a failure was harmless is on the party who failed to make the required disclosure.[20]

Defendant contends it "will be severely prejudiced unless Plaintiff is compelled to provide Plaintiff's expert reports for Plaintiff's alleged experts; or to identify the subject matter on which any of the designated witnesses are expected to present evidence; or to provide a

---

[16] *See Shepeard v. Labette Cty. Med. Ctr.*, No. 11-1217-MLB-KGG, 2013 WL 881847, at *1 (D. Kan. Mar. 7, 2013) (finding disclosures to be "patently insufficient" when "no actual, specific opinions have been summarized or even referenced.").

[17] *Chambers v. Fike*, No. 13-1410-RDR, 2014 WL 3565481, at *7 (D. Kan. July 18, 2014).

[18] Fed. R. Civ. P. 37(c)(1).

[19] *Allenbrand v. Louisville Ladder Group, LLC*, No. 05-2511-KHV-GLR, 2006 WL 2663529, at *3 (D. Kan. Sept. 15, 2006) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002)).

[20] *Burton v. R.J. Reynolds Tobacco Co.*, 203 F.R.D. 636, 639 (D. Kan. 2001) (internal citation omitted).

summary of the facts and opinions on which the witnesses are expected to testify."[21] Defendant does not articulate how it will be "severely prejudiced." Defendant also does not argue any bad faith on the part of Plaintiff. The discovery deadline is not until April 30, 2019, giving the parties more than three months to complete discovery. Trial is not until November 4, 2019, still nine months away. The Court thus finds that the supplemental disclosures Plaintiff is required by this order to make will cure the deficiencies in Plaintiff's prior disclosures, without any prejudice to Defendant. Defendant's request to strike Plaintiff's experts is therefore denied. Plaintiff is directed to supplement her disclosures within ten (10) days of the date of this order. The supplemented disclosures must include the specific subject matter on which each witness is expected to present evidence and a summary of the facts and opinions to which each witness is expected to testify, in accordance with Fed. R. Civ. P. 26(a)(2)(C).

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Faith Home Healthcare, Inc.'s Motion to Determine the Sufficiency of Plaintiff's Rule 26(a)(2) Designations (ECF No. 46) is granted in part and denied in part as discussed herein.

**IT IS FURTHER ORDERED** that Defendant's request to strike Plaintiff's experts is denied, but Plaintiff is ordered to supplement her disclosures within ten (10) days of the date of this order. The supplemented disclosures must include the specific subject matter on which each witness is expected to present evidence and a summary of the facts and opinions to which each witness is expected to testify, in accordance with Fed. R. Civ. P. 26(a)(2)(C), as discussed above.

**IT IS SO ORDERED.**

Dated February 8, 2019, at Kansas City, Kansas.

_Teresa J. James_
Teresa J. James
U. S. Magistrate Judge

---

[21] ECF No. 46 at 5.