**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| DANIELLE FERGUS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:18-cv-02330-JWL-TJJ ) ) |
| FAITH HOME HEALTHCARE, INC., | ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

On March 1, 2019, the Court held an in-person status conference with the parties. After an informal meeting with counsel and then hearing argument and testimony, the Court issued its oral ruling denying Defendant Faith Home Healthcare, Inc.'s Motion to Amend the Court's Scheduling Order to Enlarge the Time for Defendant to Conduct Defendant's Rule 35 Examination (ECF No. 59) and denying Defendant Faith Home Healthcare, Inc.'s Motion to Conduct Defendant's Rule 35 Examination (ECF No. 63). This order memorializes the Court's oral rulings.

**I. Relevant Background**

Plaintiff filed this employment discrimination and retaliation case on June 19, 2018. She filed an amended complaint on July 26, 2018, alleging four counts: Counts I and II for employment disability discrimination and retaliation, respectively, in violation of 42 U.S.C. § 12101 (the Americans with Disabilities Act Amendments Act), Count III for retaliation in violation of Title VII, and Count IV for retaliation in violation of 42 U.S.C. § 1981.[1] Counts I

---

[1] Defendant moved to dismiss counts I and II of Plaintiff's original complaint for failure to exhaust her administrative remedies (ECF No. 4). Plaintiff filed an amended complaint containing the same allegations and attaching a right to sue letter from the EEOC (ECF No. 9).

and II were based upon Plaintiff's claimed disabilities of Type I Diabetes and Attention Deficit Disorder.

The deadline for completion of Rule 35 examinations was January 31, 2019.[2] Defendant contacted Plaintiff on January 24, 2019 to discuss an extension of the deadline, because the doctor who was to conduct Plaintiff's examination was unable to do so until February 4, 2019. Plaintiff indicated her intent to dismiss the discrimination and retaliation claims related to her disabilities and her belief that a Rule 35 examination would therefore not be necessary. On January 25, 2019, Defendant filed its motion for extension of time to conduct its Rule 35 examination of Plaintiff.

On February 4, 2019, Plaintiff dismissed with prejudice Counts I and II.[3] Thus, her only remaining claims are retaliation in violation of Title VII, and retaliation in violation of 42 U.S.C. § 1981. These claims stem from allegations that Defendant retaliated against Plaintiff by terminating her employment after she reported race discrimination regarding another employee. Plaintiff alleges that as a result of Defendant's actions she "has suffered a loss of self-esteem, humiliation, garden variety emotional distress, and related compensatory damages."[4]

Defendant then filed its motion to conduct a Rule 35 examination on February 11, 2019. Defendant argued it still needed to conduct the examination for several reasons, including "to determine the cause of Plaintiff's insubordination and poor work attendance, including the extent to which Plaintiff's psychological condition caused Plaintiff not to report the allege[d] discriminatory conduct, and the extent to which Plaintiff's psychological condition caused

---

[2] *See* ECF No. 19.

[3] ECF No. 60.

[4] ECF No. 9 at 11, ¶ 83; 13, ¶ 96. *See also id.* at 13–14 ("Plaintiff requests … back-pay, lost benefits, front-pay, injunctive relief, compensatory damages, including garden variety emotional distress …").

Plaintiff to report hearsay statements of discrimination … the extent to which Plaintiff[']s allege[d] psychological condition contributed to the factors for which Plaintiff was terminated from employment; the extent of Plaintiff's pre-existing injury and whether Plaintiff or her physicians claim that Plaintiff's pre-existing injury prevented Plaintiff from reporting, or caused Plaintiff to report other unverified incidents … and the extent of the allege[d] emotional distress and the extent to which Plaintiff's alleged psychological condition(s) affect Plaintiff's alleged emotional distress; among other factors."[5] Defendant does not specify any particular "psychological condition" as the basis for its request. Plaintiff argues she is claiming only "garden variety" emotional distress damages and has not put her mental state in controversy, and therefore Defendant is not entitled to a Rule 35 examination.

II. Analysis

Plaintiff cites *Kankam v. Univ. of Kan. Hosp. Auth.*[6] as support for her position. In that case, the court held that "[g]arden variety emotional distress claims do not place the plaintiff's mental condition 'in controversy' for the purposes of justifying a mental examination under Rule 35."[7] As opposed to claims for more specific and severe emotional distress, "'[g]arden variety' claims include damages for mental anguish, mental distress, emotional pain, anxiety, embarrassment, humiliation, career disruption, and inconvenience foreseeably flowing from defendant's actions."[8] The court found that "Rule 35 is consciously designed to be somewhat

---

[5] ECF No. 63 at 3, ¶ 10.

[6] No. 07-2554-KHV, 2008 WL 4369315 (D. Kan. Sept. 23, 2008).

[7] *Id.* at *4 (citing *Thiessen v. Gen. Elec. Capital Corp.*, 178 F.R.D. 568, 569 (D. Kan. 1998)).

[8] *Id.* (citing *Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 657, 659 (D. Kan. 2004)).

restrictive to guard against the use of requests for mental examinations as a tool for harassment, intimidation or delay in what courts have described as 'garden variety' cases."[9]

Defendant cites *Schlenker v. City of Arvada, Colo.*[10] to support its position.[11] In that case, the court found that a Rule 35 examination was appropriate because the plaintiff responded to written discovery and testified that he continued to suffer from stress and his emotional stress had become more severe over time.[12] The court reasoned that the plaintiff had placed his mental condition in controversy because he "alleged severe emotional distress" as well as "ongoing emotional distress."[13]

To obtain the court's permission to conduct a mental examination of Plaintiff, Defendant must show that Plaintiff's mental condition is "in controversy" and that "good cause" exists.[14] As previously discussed, "garden variety" emotional distress claims do not place a plaintiff's mental condition "in controversy" for purposes of a Rule 35 examination. Here, the Court finds Plaintiff has alleged only garden variety damages.[15] Like in *Kankam*, she describes her emotional distress as a loss of self-esteem and humiliation as a result of her termination. She has not alleged severe emotional distress. She has not stated that she has sought medical treatment or counseling.[16] The

---

[9] *Id.* at *3.

[10] No. 09-cv-01189-WDM-KLM, 2010 WL 2232356 (D. Colo. June 2, 2010).

[11] Defendant did not cite this case in its briefing but submitted it by email to the Court in advance of the March 1, 2019 hearing.

[12] *Schlenker*, 2010 WL 2232356 at *6.

[13] *Id.* at *8.

[14] *Kankam*, 2008 WL 4369315 at *3.

[15] This case is very different from *Schlenker,* cited by Defendant. In *Schlenker*, the plaintiff did not allege mere garden variety emotional distress. Instead, the plaintiff in that case alleged "severe" emotional distress which he testified was manifesting itself in a number of significant ways, and the court noted that the damages the plaintiff sought were related primarily to his emotional distress. *Schlenker*, 2010 WL 2232356 at *7–8. Notably, the *Schlenker* case also is not from the District of Kansas.

[16] *Kankam*, 2008 WL 4369315 at *4. (finding Plaintiff asserted only garden variety damages even though Plaintiff had sought minimal medical treatment and counseling related to her emotional distress.

only treating physicians she initially disclosed were her doctors related to her medical conditions of Type I Diabetes and Attention Deficit Disorder, and neither of those medical conditions is at issue now that Plaintiff has dismissed her disability discrimination and retaliation claims. Additionally, Plaintiff has since withdrawn her disclosure of those witnesses.[17] Plaintiff has never alleged any specific emotional harm such as depression and has never asserted a claim for any emotional distress damages other than garden variety. She does not seek to recover damages for any future mental health treatment or therapy. Moreover, Plaintiff's counsel confirmed during the March 1, 2019 hearing that Plaintiff would not claim at trial that her emotional distress had manifested itself in any way other than what has already been set out (humiliation and loss of self-esteem), and that she would stipulate to as much in the pretrial order. Thus, the Court finds Plaintiff's mental condition is not in controversy.

Even if it were, Defendant has failed to show good cause to warrant a Rule 35 exam. "The majority of courts will not find good cause to require a plaintiff to submit to a medical examination unless, in addition to a claim for emotional distress damages, one or more of the following factors is also present: (1) plaintiff has asserted a specific cause of action for intentional or negligent infliction of emotional distress; (2) plaintiff has alleged a specific mental or psychiatric injury or disorder, (3) plaintiff has claimed unusually severe emotional distress; (4) plaintiff has offered expert testimony in support of his claim for emotional distress damages; and (5) plaintiff concedes that his mental condition is "in controversy" within the meaning of Rule 35(a)."[18]

---

[17] ECF No. 64.

[18] *Kankam*, 2008 WL 4369315, at *5 (citing *Phalp v. City of Overland Park, Kan.*, No. 00–2354–GTV, 2001 WL 1717949, at *2 (D. Kan. 2001)).

None of the enumerated factors are present in this case. Plaintiff has not asserted a specific cause of action for intentional or negligent infliction of emotional distress. Plaintiff has not alleged a specific mental or psychiatric injury or disorder. Plaintiff has not claimed any unusually severe emotional distress. As previously discussed, Plaintiff has claimed only garden variety emotional distress damages in the form of loss of self-esteem and humiliation. Plaintiff has offered no expert testimony in support of her claim for emotional distress damages. And finally, Plaintiff does not concede, nor does the Court find, that her mental condition is "in controversy."

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Faith Home Healthcare, Inc.'s Motion to Amend the Court's Scheduling Order to Enlarge the Time for Defendant to Conduct Defendant's Rule 35 Examination (ECF No. 59) and Defendant Faith Home Healthcare, Inc.'s Motion to Conduct Defendant's Rule 35 Examination (ECF No. 63) are denied.

**IT IS SO ORDERED.**

Dated March 8, 2019, at Kansas City, Kansas.

                                                                                  _____
                                                                                  Teresa J. James
                                                                                  U. S. Magistrate Judge