# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DANIELLE FERGUS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:18-cv-02330-JWL-TJJ |
| FAITH HOME HEALTHCARE, INC., | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Before the Court are three motions, all filed by Defendant: Motion for Leave of Court to Resume the Deposition of Patricia Clayborn (ECF No. 121), Defendant Faith Home Healthcare, Inc.'s Motion to Quash Plaintiff's Subpoena Ducas Tecum Requests for Patient Information and Alternative Motion for Protective Order to Control Scope of Plaintiff's Subpoena Ducas Tecum (ECF No. 122), and Defendant Faith Home Healthcare, Inc.'s Motion to Quash Plaintiff's Subpoena Ducas Tecum/Deposition and Alternative Motion for Protective Order to Control Date, Time and Scope of Plaintiff's Subpoena Ducas Tecum to Faith Home Health Care LLC (ECF No. 123). Plaintiff filed a response in opposition to the motion to resume Clayborn's deposition (ECF No. 127) but did not file a response to either other motion. Defendant did not file a reply in support of its motion to resume Clayborn's deposition. The deadline(s) for any further briefing on these three motions have now passed.

Accordingly, the Court grants in part and denies in part the motion to resume Clayborn's deposition and grants the two motions to quash as unopposed. The Court addresses Defendant's motion to resume Clayborn's deposition and its ruling on the motion in greater detail in the following paragraphs.

Defendant states Clayborn's deposition began March 21, 2019 and ended at 5:00 p.m. that day because Clayborn had a work event to attend.[1] However, the deposition was not complete and the parties discussed continuing the deposition to another day but did not agree to another date, time, or location.[2] Clayborn informed the parties that she was having surgery and would be on bedrest for six weeks, meaning she would be unavailable for an in-person deposition until May or June. Her attorney offered to proceed with the deposition by telephone, which Defendant declined.[3] Plaintiff opposes the motion because discovery closed April 30, 2019, and she argues Defendant has failed to show a need to enlarge discovery.[4]

The Court grants Defendant's motion in part, extending the discovery deadline to May 17, 2019, only for the purpose of completing Clayborn's deposition by telephone. The discovery deadline is not extended for any other purpose, and the deposition shall be completed *by telephone*. Defendant concluded Clayborn's deposition at 5:00 p.m. to accommodate her schedule with the understanding of the parties and Clayborn that the deposition was not completed and would be rescheduled at a later date. Although Defendant's counsel failed to follow up to reschedule until April 10, just a few days before Clayborn's surgery, extending the discovery deadline briefly to allow the completion of the deposition of an important witness can be accomplished without affecting the dispositive motions deadline or the trial date. Therefore,

---

[1] Defendant claims Clayborn had to attend a "work event"/"March Madness get together." (ECF No. 121 at 1). However, Defendant attached an email from Clayborn's attorney specifically stating it was a work event, not a "March Madness get together," so it is unclear why Defendant has indicated otherwise. (ECF No. 121-1 at 1). However, regardless of what Clayborn was attending, the deposition ended at 5:00 p.m. to accommodate her schedule.

[2] *See* ECF No. 127-1 at 9–10.

[3] *Id.* at 8.

[4] ECF No. 127 at 2.

Plaintiff and Defendant are ordered to confer in good faith *forthwith* to schedule a mutually agreeable date on or before May 17, 2019 to complete Clayborn's deposition by telephone.[5]

As such, the deadline to submit the pretrial order is extended to May 20, 2019. The pretrial conference remains scheduled for May 22, 2019 at 10:30 a.m. in Courtroom 236. The dispositive motions deadline remains May 30, 2019, and the trial date remains November 4, 2019.

Defendant's two motions to quash are granted as unopposed pursuant to D. Kan. Rule 7.4(b).[6]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Leave of Court to Resume the Deposition of Patricia Clayborn (ECF No. 121) is granted in part and denied in part as discussed herein.

**IT IS FURTHER ORDERED** that Defendant Faith Home Healthcare, Inc.'s Motion to Quash Plaintiff's Subpoena Ducas Tecum Requests for Patient Information and Alternative Motion for Protective Order to Control Scope of Plaintiff's Subpoena Ducas Tecum (ECF No. 122) is granted as unopposed.

**IT IS FURTHER ORDERED** that Defendant Faith Home Healthcare, Inc.'s Motion to Quash Plaintiff's Subpoena Ducas Tecum/Deposition and Alternative Motion for Protective Order to Control Date, Time and Scope of Plaintiff's Subpoena Ducas Tecum to Faith Home Health Care LLC (ECF No. 123) is granted as unopposed.

---

[5] The Court will not grant extensions of this deadline. The Court notes that Plaintiff did not object to counsel for Clayborn offering to resume her deposition by telephone before the close of discovery, and thus Plaintiff should not object to continuing the deposition by telephone now. Further, Defendant waited 20 days to attempt to reschedule Clayborn's deposition, so it should not object to completing the deposition by telephone on or before May 17, 2019.

[6] "If a responsive brief or memorandum is not filed within the D. Kan. Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice."

**IT IS SO ORDERED.**

Dated May 2, 2019, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge